IRVINGTON INVESTMENTS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77557.   Promulgated August 8, 1935.

*Simeon Hyde, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

1168

OPINION.

Smith: The respondent has determined that the petitioner is subject to tax under section 104 of the Revenue Act of 1928 for

the year 1931. This section of the statute reads in material part as follows:

(a) If any corporation, however created or organized, is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, there shall be levied, collected, and paid for each taxable year upon the net income of such corporation a tax equal to 50 per centum of the amount thereof, which shall be in addition to the tax imposed by section 13 and shall be computed, collected, and paid upon the same basis and in the same manner and subject to the same provisions of law, including penalties, as that tax.

(b) The fact that any corporation is a mere holding or investment company, or that the gains or profits are permitted to accumulate beyond the reasonable needs of the business, shall be prima facie evidence of a purpose to escape the surtax.

\*      \*      \*      \*      \*      \*      \*

(d) The tax imposed by this section shall not apply if all the shareholders of the corporation include (at the time of filing their returns) in their gross income their entire distributive shares, whether distributed or not, of the net income of the corporation for such year. Any amount so included in the gross income of a shareholder shall be treated as a dividend received. Any subsequent distribution made by the corporation out of the earnings or profits for such taxable year shall, if distributed to any shareholder who has so included in his gross income his distributive share, be exempt from tax in the amount of the share so included.

The petitioner bases its claim that it is not subject to the tax imposed by section 104 (a) of the Revenue Act of 1928 upon the ground that there was no thought in the mind of the officers of the City Bank Farmers Trust Co. to prevent the imposition of the surtax upon the estate of Burroughs, the petitioner's sole stockholder, "through the medium of permitting its gains and profits to accumulate instead of being divided or distributed", and that it was not availed of for that purpose in 1931. It submits that the accounts of the estate of Burroughs for 1931 showed a loss; that if the profits of the petitioner for 1931 in the amount of $39,576.89 had been distributed to the estate, the estate would have been subject to an income tax for 1931 of only approximately $603.98; that under the will of Burroughs the net income of the estate was distributable to the beneficiaries; and that the net income of the estate shown on form 1041 for 1931 in the amount of $132,424.18 was distributable and taxable to the beneficiaries.

It should be noted that under section 104 (a) of the Revenue Act of 1928 the tax therein imposed does not apply unless the corporation " is formed or availed of for the purpose of preventing the imposition of the surtax upon its shareholders through the medium of permitting its gains and profits to accumulate instead of being divided or distributed."

In *Cecil B. deMille*, 31 B. T. A. 1161, we said:

> But the taxes under these statutory provisions are not imposed because of effects; avoidance *per se* is not prohibited. It is the *purpose*, the intention motivating a course of conduct, which is made controlling by the very words of the statute. Unless the *purpose* was to prevent the imposition of surtaxes, the tax may not be imposed. * * *

In *United Business Corporation of America* v. *Commissioner* (C. C. A., 2d Cir.), 62 Fed. (2d) 754, the court stated:

> * * * A statute which stands on the footing of the participants' state of mind may need the support of presumption, indeed be practically unenforceable without it, but the test remains the state of mind itself, and the presumption does no more than make the taxpayer show his hand. *Pariso* v. *Towse*, 45 F. (2d) 962 (C. C. A. 2); *Alpine Forwarding Co.* v. *Pennsylvania R. R. Co.*, 60 F. (2d) 734 (C. C. A. 2).

In *R. C. Tway Coal Sales Co.* v. *United States*, 3 Fed. Supp. 668 (Dist. Ct., W. Dist. Ky.), in construing section 220 of the Revenue Act of 1926, which is similar to section 104 of the Revenue Act of 1928, the court said:

> A careful study of section 220 discloses that before there can be an assessment under its provisions, in a case such as the one presented here, there must be not only an accumulation of gains and profits beyond the reasonable business needs of the corporation, but such accumulation must have been permitted by the corporation *with the intention and for the purpose of enabling its stockholders to evade the payment of surtaxes on dividends which otherwise would have been distributed to them.* Even if it should clearly appear that the accumulations were in excess of the reasonable needs of the corporate business, section 220 would not apply unless it further appears that the accumulations *were intentionally permitted for the express purpose of enabling the stockholders to evade the surtax.* It is true the statute provides that the certificate of the Commissioner that in his opinion the accumulations are unreasonable for the purposes of the business is prima facie evidence of a purpose to evade the tax; but in a suit for a refund of taxes collected under this section, the plaintiff always has the right to overcome this prima facie presumption by proof. This, it seems to me, the plaintiff has successfully done * * *. [Italics supplied.]

The evidence in this proceeding is conclusive to the effect that the failure of the petitioner to distribute its earnings to its sole stockholder, the estate of Burroughs, during 1931 was not due to any purpose to evade the payment of surtax. The estate showed a considerable loss for the taxable year in question. In the absence of the purpose of preventing the imposition of the surtax upon its stockholder through the medium of permitting its gains and profits to accumulate instead of being divided or distributed, the extraordinary tax imposed by section 104 (a) of the Revenue Act of 1928 does not apply. The action of the respondent in holding that the tax is assessable and collectible is reversed.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*